UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-62402-BB

DANIEL MITTELMARK,
individually and on behalf of all
others similarly situated,

       CLASS ACTION

    Plaintiff,

       JURY TRIAL DEMANDED

v.

SYNERGY MARKETING ASSOCIATES INC.
d/b/a NATIONAL PLAN ADVISORS,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff Daniel Mittelmark, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Rules 7.1 and 26.1, moves to compel Defendant Synergy Marketing Associates, Inc. d/b/a National Plan Advisors to produce documents responsive to Plaintiff's Request for Production and to provide responsive answers to Plaintiff's Interrogatories. Defendant has refused to produce nearly all documents and information within its possession, custody, and control relating to Plaintiff's and the putative class members' Telephone Consumer Protection Act claims.

    I.   **BACKGROUND AND NATURE OF DISCOVERY DISPUTE**

    Plaintiff's operative Complaint asserts causes of action on behalf of a putative class pursuant to the Telephone Consumer Protection Act. The case arises from Defendant's mass transmission of prerecorded messages to thousands of unsuspecting consumers. Pursuant to this Court's November 16, 2018 Scheduling Order [ECF No. 14], and this Court's Order granting

Plaintiff's Extension of Time [ECF No. 21] the deadline for Plaintiff to complete class discovery is April 1, 2019. Defendant's conduct to date reveals that its strategy for defending this lawsuit is simply to stonewall Plaintiff's legitimate discovery requests and prevent Plaintiff and the class members from obtaining discovery necessary to move for class certification and summary judgment.

Specifically, on November 15, 2018, Plaintiff served written discovery on Defendant, including a Request for Production, Admissions and Interrogatories (the "Requests").[1] The Requests are specific and narrowly tailored to elicit documents and information material to Plaintiff's and the putative class members' claims. For purposes of this motion, the requests are particularly pertinent to determine the size of the class which have been damaged by Defendant's actions.

Defendant served its responses to Plaintiff's Requests on January 4, 2019. Defendant objected to <u>all</u> requests regarding necessary class information and although Defendant admits it caused the prerecorded message to be sent to Plaintiff, Defendant refused to provide any information regarding the platform used by Defendant to transmit the prerecorded messages, the call logs to which it transmitted the messages, or any other class data.[2] In total, Defendant produced no documents in response to Plaintiff's Requests and answered only two of Plaintiff's Interrogatories without objection.

On January 14, 2019, the parties met and conferred via telephone in an effort to resolve Defendant's objections. On that call, Defendant notified Plaintiff that they would discuss

---

[1] Copies of Plaintiff's Requests are attached as **<u>Composite Exhibit A.</u>**

[2] A copy of Defendant's Responses to Plaintiff's First Request for Production of Documents, Request for Admissions and Interrogatories is attached hereto as **<u>Composite Exhibit B</u>**.

Plaintiff's entitlement to class discovery with their client and respond by the end of that week as to whether the information would be produced. Defendant also agreed to identify the platform it used to transmit the prerecorded messages and produce responsive documents to Plaintiff's Request for Production.

On January 18, 2019, Defendant provided two-pages of discovery documents (both of which are a printout of Plaintiff's profile from the Florida Department of Financial Services website). Defendant then claimed to have no other responsive documents, not even a bill from the vendor it used to transmit the prerecorded messages. In response, Plaintiff asked Defendant to amend their responses to remove their objections and to clearly state that they have no other responsive documents in their possession, custody or control. Defendant agreed to do so and Defendant finally identified the vendor it used for transmitting the pre-recorded messages at issue as Stratics Networks ("Stratics").[3]

On February 5, 2019, Defendant provided Amended Objections and Responses to Plaintiff's First Request for Production.[4] In its Amended Objections and Responses, Defendant continues to object to providing responsive documents. In response, Plaintiff asked Defendant to again amend its responses and to detail whether Defendant or an outside vendor used the Stratics platform to transmit the subject prerecorded messages.

On February 22, 2019, a second meet and confer was held. During that phone call, Defendant notified Plaintiff that it, not a vendor, had used Stratics to transmit the prerecorded messages. As Defendant used the Stratics system, Defendant has access and/or control over the

---

[3] Defendant's did not identify Stratics Networks in its Initial Disclosures which was served upon Plaintiff on November 29, 2018.

[4] A copy of Defendant's Amended Responses to Plaintiff's First Request for Production is attached hereto as **Exhibit C**.

the transmission log of the prerecorded messages it sent. Notably, Defendant's counsel stated that Defendant had made no request to Stratics for the transmission logs. These documents are within Defendant's, possession, custody or control and it should be compelled to produced them.

Consequently, Plaintiff hereby seeks to compel responses to the following: (1) Interrogatories Nos. 1, 2, 11, 12, and (2) Requests for Production Nos. 4, 5, 13, 15, 21, 22, 24, 25, 27, 28 and 31. Defendant has failed to respond and/or broadly objected to responding to these requests. Defendants' refusal to comply with this Court's Order and the Federal Rules of Civil Procedure is particularly prejudicial to Plaintiff, who is diligently attempting to prosecute his case. Without responsive documents and information, Plaintiff will be unable to timely file his Motion for Class Certification and Motion for Summary Judgment. Plaintiff is entitled to all class discovery and respectfully requests the entry of an order granting the instant motion.

## II. LEGAL STANDARD

"Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court." *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, at *11 (M.D. Fla. July 18, 2017) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1)." *Schwanke*, 2017 U.S. Dist. LEXIS 111231, at *12 (citing *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 U.S. Dist. LEXIS 45662, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016)). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, 2016 WL 1319697, at *3 (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

### III. MEMORANDUM OF LAW

This motion and the circumstances requiring it, are nearly identical to the relief sought by the plaintiffs in *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938 (S.D. Fla. July 26, 2018) and *Mittelmark v. Superior Access Insurance Services, Inc.*, No 18-cv-61056-BB, (S.D. Fla. September 19, 2018).[5] In *Shapiro* and *Superior Access*, both defendants attempted to avoid providing necessary discovery by asserting that they did not use an automatic telephone dialing system ("ATDS"). In *Shapiro*, Your Honor ordered the defendant to produce the requested information and held that "the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether the Plaintiff is entitled to discovery". *Id*. at *6. Additionally, Your Honor held that "Plaintiff is entitled to the opportunity to explore and obtain information relevant to the Rule 23 requirements – numerosity, commonality, typicality, and adequate representation- in order to meet their burden on these issues." *Id*. In

---

[5] Particularly troubling here is the fact that counsel for Defendant attempted the same strategy in the *Mittelmark* matter, and the Court compelled discovery in that case. Nevertheless, Defendant's counsel is attempting the same strategy here that this Court previously held was improper.

*Superior Access*, Your Honor denied similar arguments raised by the defendant and granted the plaintiff's motion to compel.

Similarly, in the present matter, Defendant has unilaterally refused to respond to any class discovery. The only difference between *Shapiro* and *Superior Access* and the present matter is that instead of Defendant arguing that Plaintiff is not entitled to class discovery because the platform they used is not an ATDS, Defendant here objects because "the facts surrounding the call to Plaintiff present individualized circumstances not proper for class-based adjudication." *See generally*, Composite Exhibit B and Exhibit C.  Defendant's objections are unfounded and Defendant should be compelled to respond.

To the extent that Defendant contends that these documents are not available to it, Defendant should at a minimum be required to request them from its vendor, as it has a contractual right to the documents, including the transmission logs.  Of particular concern to Plaintiff is the fact that Defendant- not a third-party vendor- used the Stratics platform to transmit the prerecorded messages. As such, Defendant must have records of who it sent prerecorded messages to, either through its own documents or through its use of the Stratics platform.  Finally, if Defendant has no access to Stratics and no records, then Defendant has an obligation to request these documents from Stratics.[6] As stated above, Defendant's counsel has indicated that Defendant has never requested any responsive documents from Stratics. To date, the only documents provided by Defendant in response to Plaintiff's requests are a two-page computer printout of Plaintiff's profile from the Florida Department of Financial Services website.

Plaintiff respectfully contends that just like in *Shapiro* and *Superior Access*, this Court

---

[6] Separately, Plaintiff has issued a subpoena to Stratics.  In response, Stratics's general counsel responded by stating that it is a Canadian company that is not required to respond to a U.S. federal subpoena.  This is false as Stratics has operations in the U.S., and Plaintiff is in the process of commencing an enforcement proceeding against Stratics in district court in Alabama.

should compel the production of necessary class discovery.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an order overruling Defendant's unfounded objections and limitations on the scope of discovery, and compelling production of all documents and information regarding all prerecorded messages transmitted by Defendant during the relevant time period.  Plaintiff intends to establish that Defendant violated the TCPA in a uniform and consistent fashion by using prerecorded messages to contact Plaintiff and members of the class without first obtaining the requisite consent.  To prove his claims and request class certification, Plaintiff seeks documents and information pertaining to all prerecorded messages sent by Defendant including who they were sent to. In response, Defendant has unilaterally limited discovery.  This Court should order the immediate production of all responsive class information and documents.

### LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiff conferred with counsel for Defendant via telephone and e-mail as outlined above regarding the issues raised in this motion, but the parties have been unable to resolve the matters in dispute.

Date: February 23, 2019.

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713